UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------

JAVIER VASQUEZ, *on behalf of himself and on behalf of others similarly situated*,

        Plaintiff,

– against –

TASTY PICKS II CORP., MANSOURE H. YEHYA, HASHEM A. YEHIYA, HISHAM A. YAHYA, and EMAD YEHIYA,

        Defendants.

**OPINION & ORDER**

21-cv-8799 (ER)

RAMOS, D.J.:

        Javier Vasquez brought this action against defendants Tasty Picks II Corp., Mansoure H. Yehya, Hashem A. Yehiya, Hisham A. Yahya, and Emad Yehiya ("Defendants") on October 28, 2021. Doc. 1. He alleged violations of the Fair Labor Standards Act ("FLSA"), various provisions of the New York Labor Law ("NYLL"), and the supporting New York State Department of Labor regulations. *Id.* at 12–16. Vasquez alleges that Defendants failed to pay him the lawful minimum wage, overtime compensation, and spread of hours compensation, and he also claims that Defendants failed to provide him with proper wage notices and statements. *Id.* Before the Court is the parties' motion for settlement approval. Doc. 47. For the following reasons, the motion for settlement approval is DENIED without prejudice.

## I.    LEGAL STANDARD

        In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor ("DOL"). *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v.*

*Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted).  In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including, but not limited to, the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id*. (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

      Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II. DISCUSSION

### A. Range of Recovery

      The proposed settlement agreement provides a total recovery of $20,000.  Doc. 47-1 at 1–2.  Pursuant to the agreement, Vasquez's counsel will receive approximately one third of the total settlement amount, specifically, $6,985.33, for attorneys' fees and costs.  *Id.*  After attorneys' fees and costs, Vasquez will receive $13,014.67.  *Id.*

      Vasquez estimates that he is entitled to recover a total of $31,156.60 in unpaid overtime and minimum wages.  *Id.* at 2; Doc. 47-2 at 1–2.  However, that figure does not represent the total estimated recovery.  *Id.*  Indeed, the parties state the following in regard to Plaintiff's estimated damages:

> Plaintiff alleges that they are collectively entitled to a total of $31,156.60 in unpaid overtime and minimum wage damages. Attached as **Exhibit B** is a chart breaking down Plaintiffs' [sic] total damages.

Doc. 47 at 2 (emphasis in original). However, the charts do not provide clear indications regarding Vasquez's estimated *total* recovery, nor the component parts of that total damages figure. *See* Doc. 47-2 at 1–2. The charts contain a series of columns that are neither clearly labeled nor sufficiently explicit in regard to the information that the Court must review at this stage: Plaintiff's maximum possible recovery and the component parts of that estimate.[1] *Id.*; *see also Lopez*, 96 F. Supp. 3d at 176 ("At minimum, the Court requires . . . the bases of the estimates of plaintiffs' maximum possible recovery . . . ."). Taking the charts as they are currently presented, the Court cannot definitively deduce the parties' contentions regarding Vasquez's maximum recovery were he to prevail on *all issues* at trial. *Id.* Nor can the Court clearly identify the estimated recovery amounts that correspond to each of the claims that Vasquez alleged in his complaint. *Id.*; *see generally* Doc. 1.

Accordingly, the Court does not have the information it needs to determine whether the proposed settlement amount is fair and reasonable. *Cheeks*, 796 F.3d at 201; *see also Khan v. Young Adult Inst., Inc.*, No. 18 Civ. 2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases wherein the reasonableness of FLSA settlements is determined by comparing the settlement amount to a plaintiff's maximum recovery).

## III. CONCLUSION

For the reasons stated above, the request for settlement approval is DENIED without prejudice. Due to the deficiencies listed above, the Court will not conduct a full

---

[1] The Court notes that several of the column labels seem to be cropped in a manner that does not permit the reader to discern the entire text. Specifically, several of the labels end with prepositions, which would suggest that the words following those prepositions were erroneously cut from the spreadsheet. *See, e.g.*, Doc. 47-2 at 2 (labeling terms as "Liq. Damages on," "Unpaid Spread of," and "Total Per.") Additionally, the spreadsheet contains acronyms that are not defined. *Id.* at 1–2.

3

analysis as to the remaining reasonableness factors at this stage. *See Lopez*, 96 F. Supp. 3d at 176–82.

The parties are therefore instructed to do one the following by December 10, 2022:

- Submit a revised motion for settlement approval to the Court. The revised motion and supporting documents shall provide clear and explicit indications regarding Vasquez's estimated total recovery and the component parts of that estimate; or
- Stipulate to dismissal of the case without prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

It is SO ORDERED.

Dated:   November 10, 2022
         New York, New York

EDGARDO RAMOS, U.S.D.J.