UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER VASQUEZ, *on behalf of himself and on behalf of others similarly situated*,

                Plaintiff,

– against –

TASTY PICKS II CORP., MANSOURE H. YEHYA, HASHEM A. YEHIYA, HISHAM A. YAHYA, and EMAD YEHIYA,

                Defendants.

**OPINION & ORDER**

21-cv-8799 (ER)

RAMOS, D.J.:

      Javier Vasquez brought this action against defendants Tasty Picks II Corp., Mansoure H. Yehya, Hashem A. Yehiya, Hisham A. Yahya, and Emad Yehiya ("Defendants") on October 28, 2021. Doc. 1. He alleged violations of the Fair Labor Standards Act ("FLSA"), various provisions of the New York Labor Law ("NYLL"), and the supporting New York State Department of Labor regulations. *Id.* at 12–16. Vasquez claimed that Defendants failed to pay him the lawful minimum wage, overtime compensation, and spread of hours compensation, and he also alleged that Defendants failed to provide him with proper wage notices and statements. *Id.* Before the Court is the parties' motion for the approval of their settlement agreement. Docs. 47, 49. For the following reasons, the motion for settlement approval is GRANTED.

**I.    LEGAL STANDARD**

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor ("DOL"). *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v.*

*Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted).  In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including, but not limited to, the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id*. (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

**II.   DISCUSSION**

    **A.  Range of Recovery**

The proposed settlement agreement provides a total recovery of $20,000.  Doc. 49-1 at 1–2.  Pursuant to the agreement, Vasquez's counsel will receive approximately one third of the total settlement amount, specifically, $6,985.33, for attorneys' fees and costs.  *Id.*  After attorneys' fees and costs, Vasquez will receive $13,014.67.  *Id.*

Vasquez estimates that his maximum recovery—were he to prevail on *all* issues at trial—would be approximately $99,771.37.  Doc. 49 at 2.  He specifically estimates that he is entitled to recover a total of $31,156.60 in unpaid overtime and minimum wages, along with an equal sum in liquidated damages; $7,608 in unpaid spread of hours compensation with corresponding liquidated damages; $5,000 for wage notice violations,

and $5,000 for improper wage statements. *Id.* Additionally, Vasquez believes he could recover $9,834.14 in pre-judgment interest for unpaid wages and $2,408.04 in pre-judgment interest for spread of hours compensation. *Id.* Thus, the settlement does not constitute full payment of all of Vasquez's claims. Rather, it represents approximately 20% of his total recovery.

In the instant case, the proposed amount is fair and reasonable. *See Khan v. Young Adult Inst., Inc.*, No. 18 Civ. 2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery). There is value to Vasquez receiving a settlement without experiencing the risks and delays inherent in litigation. In the parties' submissions to the Court, Vasquez notes that "[c]onsidering the prospect of protracted litigation, an uncertain result, and the financial status of Defendants . . . this is an excellent result . . . ." Doc. 49 at 2.

"Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.*, No. 19 Civ. 1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted). Considering the aforementioned uncertainties and the risks of litigation, the settlement resolves *bona fide* disputes and reflects a reasonable compromise that fairly compensates Vasquez. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues") (citation omitted). Finally, this settlement resulted from arm's length negotiations wherein the parties were represented by experienced labor and employment attorneys. Doc. 49 at 1–2. Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

3

### B. Attorneys' Fees & Costs

The Court further concludes that the proposed attorneys' fees and costs are reasonable. Vasquez's counsel will receive $6,985.33 for attorneys' fees and costs, which is approximately one third of the settlement. Doc. 49 at 2. This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Vasquez's counsel has submitted billing records for two attorneys: (1) Catalina Sojo, billed at a rate of $350 per hour,[1] and (2) Frank J. Palermo, also billed at a rate of $350 per hour. Doc. 49 at 3. Sojo is a "Managing Member" of CM Legal, P.C., and has multiple years of experience litigating wage-and-hour cases. *Id.* Palermo is an associate with several years of experience litigating personal injury and wage-and-hour cases. *Id.* Vasquez's counsel also submitted billing records for paralegals that worked on the matter. *See id.* They were billed at the rate of $125 per hour. *Id.*

As to Sojo and Palermo, the Court finds that the hourly rate of $350 is reasonable. *See, e.g.*, *Lopez v. Emerald Staffing, Inc.*, No. 18 Civ. 2788 (SLC), 2020 WL 915821, at *13 (S.D.N.Y. Feb. 26, 2020) (noting that, as of 2020, courts in this District generally awarded experienced wage-and-hour attorneys between $300 to $400 per hour); *Rodriguez v. 3551 Realty Co.*, No. 17 Civ. 6553 (WHP), 2017 WL 5054728, at *3

---

[1] Of note, counsel's invoice shows that Catalina Sojo bills at the lower rate of $300 per hour in some instances. *See* Doc. 49-3 at 1. For example, while she billed at a rate of $350 per hour for "[d]rafting and submitting [an] affirmation in support of certificates of default," she then billed at a rate of $300 per hour for a subsequent conference in regard to those certificates of default. *Id.*

(S.D.N.Y. Nov. 2, 2017) (stating that although hourly rates of $450 for partners and $350 for associates were "somewhat higher than the presumptively reasonable rates in this District [in 2017], they are not beyond the pale"). Sojo and Palermo's hourly rates are thus commensurate with other similarly experienced employment attorneys.

Regarding the paralegals who worked on Vasquez's matter, the Court notes that "[h]ourly rates for paralegals of $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18 Civ. 4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alterations in original) (citation omitted) (holding that the requested hourly rate of $100 was reasonable); *see also Quic v. Uncle Mario's Brick Over Pizza LLC*, No. 20 Civ. 8712 (RA), 2021 WL 4710794, at *2 (S.D.N.Y. Oct. 7, 2021) (approving proposed hourly rate of $125). Therefore, the paralegals' hourly rate of $125 is reasonable. *See* Doc. 49 at 3.

Vasquez's counsel's lodestar in this case is $3,670.00, with an additional $786.00 in costs. Doc. 49 at 2. The records submitted by Plaintiff's counsel show that Sojo spent 3.4 hours on the case at an hourly rate of $300 to $350, resulting in a lodestar of $1,100. Doc. 49-3 at 1–2. Palermo spent 4.2 hours on the case at a $350 hourly rate, resulting in a lodestar of $1,470. *Id.* Finally, the paralegals who worked on this matter spent 8.8 hours on the case at a $125 hourly rate, resulting in a lodestar of $1,100. *Id.*

Vasquez's counsel seeks $6,985.33 in attorneys' fees and costs, $6,199.33 of which represent attorneys' fees. *See* Doc. 49 at 2. The lodestar of $3,670.00, compared to the requested $6,199.33 of the settlement (net of costs), results in a lodestar multiplier (net of costs) of approximately 1.69. *See id.* Courts in this District have made clear that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 1.69 and determines that the $6,985.33 in attorneys' fees and costs is reasonable under the circumstances.

5

### C. Other Provisions

The Court finds all other provisions of the settlement agreement to be fair and reasonable, as it includes no objectionable release, non-disparagement, or confidentiality provisions. *See* Doc. 49-1; *see also Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021). With respect to Vasquez's obligations under the agreement, the release appropriately discharges only claims pursuant to Vasquez's wage-and-hour allegations, including his claims under the FLSA, NYLL, New York Minimum Wage Act, and Hospitality Wage Order of the New York Commissioner of Labor. Doc. 49-1 at 3; *see Solera Capital LLC*, 2021 WL 568806, at *1 ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"); *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues").

The settlement agreement also includes a one-way non-disparagement clause that limits *only* Defendants' ability to defame, disparage, or criticize Vasquez. Doc. 49-1 at 4–5. Critically, the clause does not in any way limit Vasquez's capacity to speak about or otherwise discuss his experience litigating this case. *Id.*; *see also Weng v. T&W Restaurant, Inc.*, No. 15 Civ. 8167 (PAE), 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016) (noting that non-disparagement clauses that bar plaintiffs from making negative statements about defendants can be objectionable because they prevent the spread of information about FLSA actions to other workers). The clause is thus fair and reasonable. Indeed, FLSA settlements "require judicial approval" in order to secure "the public's independent interest in assuring that employees' wages are fair." *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 178 (internal citation omitted). For that reason, courts in this Circuit "routinely reject proposed settlement agreements that contain non-disparagement clauses . . . [that] 'bar *plaintiffs* from openly discussing their experiences litigating [their]

6

wage-and-hour cases' . . . ." *Rodriguez v. Taco Mix LLC*, No. 21 Civ. 3644 (ER), 2022 WL 1227732, at *3 (S.D.N.Y. Apr. 26, 2022) (quoting *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 180 n.65) (emphasis added).  In this case, Vasquez's speech is in no way constrained by the settlement agreement's non-disparagement provision.  Accordingly, the Court finds that the provision is reasonable.

### III.   CONCLUSION

The Court concludes that the proposed settlement agreement is fair and reasonable and approves the agreement.  The Clerk of Court is respectfully directed to terminate the motion, Docs. 47, 49, and close the case.

It is SO ORDERED.

Dated:    November 28, 2022
             New York, New York

EDGARDO RAMOS, U.S.D.J.